## CLARA E. LIGGETT v. EXCELSIOR POWDER MANUFACTURING COMPANY, Appellant.

### Division One, April 8, 1918.

1. **NUISANCE: Powder Magazine: Negligence.** A plant used in the manufacture and storage of powder, as to all property and residents in such proximity to it as are subject to danger from its explosion, is a nuisance regardless of the negligence in the manner of keeping it.

2. **———: ———: Sufficient Evidence.** The evidence set out in this case tends to show that defendant's powder plant was a nuisance.

3. **HIGHWAYS: Railroads: Use.** The plaintiff recovered judgment for damages for injuries suffered when powder stored or in process of manufacture on defendant's powder plant exploded as a train on which she was a passenger was passing the plant. *Held,* that the right of the public to use the railroad for the purpose of travel and the use of it for that purpose by the public gave to the railroad its character as a public highway, so far as this case is concerned.

4. **———: ———: Bargaining Away Rights of Public.** The consent of the railroad company to the use of a tract beside its tracks for powder mill purposes could not affect the rights of a passenger on one of the trains. The railroad cannot bargain away the rights and safety of the public.

5. **NUISANCE: Powder Mill: Competent Evidence.** To establish that the powder mill was a nuisance because located in dangerous proximity to residents and property, evidence as to location of villages, schools, roads, farm houses, etc., is competent.

6. **———: Recovery: Concussion: Blasting Cases.** Where only proof of the existence of the nuisance and of the consequent injury is required, plaintiff may recover for such of her injuries as were due to concussion. The rule as to blasting (even if the modern tendency of decisions were not against it) has no application to such a case.

7. **INSTRUCTION: Omission of Admitted Fact.** It is not error for an instruction to omit to require the jury to find a fact which is clearly established by the evidence and is undisputed.

8. **EVIDENCE: Ultimate Fact: Province of Jury.** An inquiry of a physician as to whether the plaintiff's physical condition could have resulted from the accident as it was described and his answer that "it could cause this condition," were not an invasion of the province of the jury.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) The second count of plaintiff's petition being based upon the idea that the plant is a public nuisance became near a railroad, defendant's objection to the introduction of any evidence should have been sustained, since: (a) Section 14 of article 12 of the Constitution declaring railroads to be "public highways," merely means that they are subject to legislative control and have certain *quasi*-governmental rights, such as eminent domain. Farber v. Mo. Pac. Ry. Co., 116 Mo. 81. (b) The railroad is private property and no one has a right upon it without the consent of the railroad company. Nevada v. Eddy, 123 Mo. 546; Isabel v. Railroad, 60 Mo. 475. (c) Even if appellant's plant were a dangerous thing, yet the fact that it is located near a railroad could not constitute it a public nuisance, although it might be a private one. 22 Cyc. 1152; Martin v. St. Joseph, 136 Mo. App. 320. (d) For the maintenance of a private nuisance no one has a right of action except the owner of the premises, and not even he if he consents to it. Ellis v. Railroad, 63 Mo. 131; Whalen v. Baker, 44 Mo. App. 290; Kavanaugh v. Barker, 131 N. Y. 211. (e) Mrs. Liggett's complaint, if any she has, should be founded on negligence. The defendant would then have open to it the defenses of accident, contributory negligence and the exercise of ordinary care, which

could not be set up in a case based upon the mainte-
nance of a nuisance. Casey v. Bridge Co., 114 Mo. App.
61; Paddock v. Somes, 102 Mo. 239. (2) The instruc-
tion that plaintiff could not recover should have been
given because: (a) The petition does not state a
cause of action, nor does the evidence make out a case
of liability, inasmuch as a railroad is not a public high-
way in such sense as to make the powder plant a pub-
lic nuisance, because of proximity to the railroad. 22
Cyc. 1152; Farber v. Mo. Pac. Ry. Co., 116 Mo. 81; City
of Nevada v. Eddy, 123 Mo. 546; Isabel v. Railroad,
60 Mo. 475; K. C. Ry. v. K. C. Ry., 118 Mo. 599; Schae-
fer v. Railway Co., 128 Mo. 64; Reynolds v. Transit Co.,
189 Mo. 409; Kavanaugh v. Barker, 131 N. Y. 211; Ellis
v. Railroad, 63 Mo. 131; Whelan v. Baker, 44 Mo. App.
290. (b) The explosion and not the maintenance of
the alleged nuisance was the proximate cause of plain-
tiff's injuries. Hull v. Thompson Tran. Co., 135 Mo.
App. 119; Clemens v. Railroad, 53 Mo. 366; Logan v.
Wabash Ry. Co., 96 Mo. App. 461; Lawrence v. Ice Co.,
119 Mo. App. 316; Haley v. Transit Co., 179 Mo. 30;
Bokamp v. Railroad, 123 Mo. App. 270. (c) As the
evidence, following the petition, shows that plaintiff
was injured only by concussion from the explosion, she
cannot recover simply by showing the explosion and
injury. Thurmond v. Lime Ass'n., 125 Mo. App. 73;
Booth v. Railroad, 140 N. Y. 267; Benner v. Dredging
Co., 134 N. Y. 156; Simon v. Henry, 62 N. J. L. 486;
Sowers v. McManus, 214 Pa. St. 244; Kerbaugh v. Cald-
well, 80 C. C. A. 470; Bessemer C., I & L. Co. v. Doak,
152 Ala. 166; Hieber v. Cent. Ky. Tr. Co., 145 Ky. 108. (3)
The railroad not being a public highway the plant could
not, because of proximity to the railroad, be any kind
of a nuisance if maintained by consent of the owner of
the railroad and therefore the court erred in striking
that matter out of the answer. 2 Wood on Nuisances,
sec. 806, p. 1187; 29 Cyc. 1259; 21 Am. & Eng. Ency.
Law, p. 723. (4) The court erred in admitting the
following evidence, viz: (a) Evidence as to the location

of defendant's plant with reference to the village school-house, public buildings, etc. And the court also erred in overruling defendant's motion to strike the allegations as to these matters out of the petition. No legal right of plaintiff as to these were violated. Bishop on Non-contract Law, sec. 411; 29 Cyc. 1154; Powell v. Brick & Tile Co., 104 Mo. App. 713; Blackford v. Construction Co., 132 Mo. App. 157. (b) The questions put to Dr. McKenzie and Dr. Craig, were not proper hypothetical questions and put them in the place of the jury. Roscoe v. Met. St. Ry. Co., 202 Mo. 549. (5) Even on plaintiff's own theory, her instruction on the right to recover is erroneous as predicating that right on a finding solely and merely that the explosives were kept "near" the railroad, without any qualification whatever. Certainly, there could be no nuisance unless the explosives were kept so near as to be dangerous to persons on the railroad. Whitfield v. Carrollton, 50 Mo. App. 98; Harper v. Oil Co., 78 Mo. App. 338; Schmidt v. Dist. Co., 90 Mo. 284; Witte v. Stifel, 126 Mo. 295; Beck v. Brewing Co., 167 Mo. 195; Loth v. Theater Co., 197 Mo. 328; 1 Wood on Nuisance, pp. 6-7; 12 Am. & Eng. Ency. Law (2 Ed.), p. 506. And the mere fact that this explosion occurred and injured plaintiff was no evidence that such explosion and result were likely to occur. Beasley v. Transfer Co., 148 Mo. 421.

*W. D. Summers, W. L. McSpadden* and *Ball & Ryland* for respondent.

(1) The injuries of respondent having been caused by reason of the maintenance of a public nuisance by appellant, no allegation or proof of negligence was essential to recovery. Scalpinov v. Smith, 154 Mo. App. 524; Schnitzer v. Powder Mfg. Co., 160 S. W. 282; Jewell v. Powder Co., 166 Mo. App. 555; State ex rel. v. Powder Co., 259 Mo. 254. (2) Appellant's objections to hypothetical questions asked Drs. McKenzie and Craig, as to whether respondent's injuries could

have resulted from the accident as described in the questions, are not well taken. Taylor v. Railroad, 185 Mo. 239, 256; Railroad v. Railroad, 256 Mo. 208.

BLAIR, J.—Respondent recovered judgment for damages for injuries suffered when powder stored or in process of manufacture on appellant's premises exploded as a train on which respondent was a passenger was passing appellant's plant. After an effort had been made to prohibit action in the Court of Appeals, the cause was heard there and then transferred here.

The answer admits that "at the times mentioned in the petition, it [appellant] was a corporation and owned and operated a plant for manufacturing powder near Holmes Park in Jackson County, Missouri;" avers it owns the tract upon which its plant is situated and that the tracks of the St. Louis & San Francisco Railway adjoin this tract on the west. The evidence tends to show the village of Holmes Park is located adjoining the north boundary of appellant's property; the village consists of a store, post office, blacksmith shop, school and a number of dwellings, and is a little over a quarter of a mile from the site of the building in which the explosion occurred; the school is nearer than any other part of the village; the village of Hickman's Mill is about one and one-half miles away; the surrounding country is somewhat thickly settled for a farming community, with the usual public roads running through it; two railroad companies used the Frisco tracks which pass the powder plant and operated eight passenger trains and numerous freight trains, daily, over the tracks beside the plant; the explosion occurred in the glaze mill and its force broke windows and doors and wrenched timbers in houses within a radius of more than a mile and a half; threw large iron castings over a quarter of a mile and utterly destroyed the glaze mill, a building fifty by seventy feet in size; the railroad tracks were one hundred to one hundred and fifty yards

from the glaze mill at the point at which the train was when the explosion occurred; the glaze mill was used in the final process of manufacturing, and contained eight barrels two and one-half by five feet or more which, in glazing, were half filled with powder and then revolved for the purpose of glazing the contents; when this process was finished the powder was hauled away in tramway trucks in loads of about 600 pounds each. There was also evidence tending to show respondent was injured.

I. "A powder magazine, as to all property and residents in such proximity to it that they are subject to danger from its explosion, is a nuisance regardless **Powder Magazine.** of the question as to negligence in the manner of keeping it." [State ex rel. v. Excelsior Powder Mfg. Co., 259 Mo. l. c. 271.]

II. There was substantial evidence tending to show this plant was a nuisance. [State ex rel. v. Powder Mfg. Co., supra, l. c. 278, 279.] That case involved the **Nuisance.** same plant; and while the evidence is not identical, it is sufficiently so to justify the application of the rule in that case.

III. It is contended the railroad was not a public highway "in such sense that the location of a powder factory close to it could be held to constitute the powder mill a public nuisance." In dealing with this identical contention in another case against this appellant (Schnitzer v. Powder Mfg. Co., 160 S. W. l. **Public Highway.** c. 286), the Kansas City Court of Appeals held plaintiff (in that case) "was as much a user of a public highway as she would have been had she been using the wagon road. So far as the rights of the users are concerned, the character of the use and purpose, not the ownership, of a utility determines whether it should be classed as public or private."

The cases cited by appellant hold that railroads are not public highways in such sense (1) that one may ride without paying fare, or (2) so as "to throw them open as thoroughfares for pedestrains," or (3) so that they can escape taxation. These decisions are beside the mark. Railroads are clothed with a public use. They must carry all who apply and tender proper fare. The public has the right to use them for the purpose of travel. It is the public which does use them. As the Court of Appeals held, it is this use and this right which give roads their character as public highways so far as this case is concerned.

IV. The consent of the railroad to the use of the tract beside its tracks for powder-mill purposes could not affect the rights of respondent. The railroad could Public not bargain away the rights and safety of the Rights. public, of which respondent was a member.

V. The evidence as to the location of the villages, school, roads, farm houses, etc. was competent. The whole situation within the zone of danger constitutes the Evidence basis for determining whether a public nuisance of existed. One charging the existence of such a Nuisance. nuisance is not limited to proof of his own presence within that zone.

VI. It is urged respondent cannot recover for such of her injuries as were due to concussion. Appellant invokes a rule sometimes applied in cases in which it appears one has resorted "to blasting to adapt his Concussion. property to a lawful use, that mode being the only proper one, and the work being conducted with due care." The later tendency is against the rule in such cases. [Hickey v. McCabe, 30 R. I. 346, 27 L. R. A. (N. S.) 425.] The question presented in those decisions was whether proof of negligence was necessary. In this case the proof of the existence of the nuisance and the consequent injury was all that was

required.     The cases appellant cites are inapplicable. [Scalpino v. Smith, 154 Mo. App. 524; Schnitzer v. Excelsior Powder Mfg. Co., 160 S. W. l. c. 287.] While the last opinion may not be an official pronouncement of the Court of Appeals, the conclusion it reaches on this question is correct.

VII. It is urged instruction one failed to require the jury to find that the powder was stored and kept *dangerously* near the railroad track. The omission of the word dangerously, or its equivalent, is the ground of this objection. The same instruction tells the jury that the keeping of "large quantities of explosives dangerously near to public places, such as railroads or county roads, so as to constitute a menace to the safety of persons while traveling thereon, is a public nuisance." The answer admits the railroad right of way is adjacent to appellant's premises. The evidence was clear and undisputed that the glaze mill was but a short distance from the railroad track. There was no contention about this matter. In these circumstances, this assignment must be overruled.

*Instruction.*

VIII. Physicians who had treated respondent for her injuries gave testimony as to the conditions they found. One of them was asked, whether the conditions he found could have resulted from the accident as it was described. The question was objected to. The witness answered that "it could cause this condition."

It is contended this constituted an invasion of the province of the jury. The authorities are examined and the point ruled against appellant in Taylor v. Metropolitan St. Ry., 256 Mo. l. c. 208 et seq. Another physician was questioned the same way, but testified merely that respondent's condition indicated she was suffering from violence of some kind.

The judgment is affirmed. All concur, except *Bond, P. J.,* who is absent.